UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARIAMA MOORE, | No. 25-cv-1972 (KMM/ECW) |
| Plaintiff, | |
| v. | ORDER |
| MODEL CITIES and SAFE SPACE SHELTER, *staff members and homeless residents*, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss the complaint for failure to state a claim. (Dkt. No. 22.) Also pending before the Court are Plaintiff Mariama Moore's Second Motion to Amend (Dkt. No. 31), and Ms. Moore's motions seeking preliminary injunctive relief (Dkt. Nos. 34[1] and 36). As explained below, Defendants' motion is granted and Ms. Moore's motions to amend and for a preliminary injunction are denied.

Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether Ms. Moore has stated a facially plausible claim. *Troupe v. Young*, 143 F.4th 955, 967 (8th Cir. 2025). The Court accepts the facts alleged in the complaint as true and takes the reasonable inferences from those facts in the light most favorable to Ms. Moore. *Kale v. Aero Simulation, Inc.*, 139 F.4th 684, 688 (8th Cir. 2025). However, a complaint that offers only conclusory allegations fails to state a claim. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] The motion at docket entry 34 is captioned as a "Motion for Protective Order," but Ms. Moore clearly requests a temporary restraining order or preliminary injunction.

Liberally construing the pleadings,[2] Ms. Moore alleges that during periods of homelessness since April of 2024, she has stayed at a shelter operated by Model Cities and Safe Space Shelters. During her time there, other residents at the shelter have stalked and harassed her because of her race, sex, sexual orientation, and other characteristics. When she complained about this treatment to the staff at the shelter, she claims they have ignored her complaints. She reported her treatment by the other residents of the shelter to the St. Paul Police Department, after which she claims that Defendants retaliated against her by preventing her from staying at the shelter for three days. She claims that Defendants discriminated against her by treating her differently from others in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604.[3]

"Under the FHA, it is illegal to 'make unavailable or deny[] a dwelling to any person because of race, color, religion, sex, familial status, or national origin.'" *Metro. Omaha Prop. Owners Ass'n, Inc. v. City of Omaha*, 991 F.3d 880, 888 (8th Cir. 2021) (quoting 42 U.S.C. § 3604(a) (comma omitted)). "Disparate-treatment claims under the FHA are tested under the same framework as Title VII disparate-treatment claims." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing *Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924, 926 (8th Cir. 1993)). This requires Ms. Moore to allege that she was treated "less favorably than others based on [her] race, color, religion, sex or national origin." *Id.*; *Folger v. City of Minneapolis*, 43 F. Supp. 3d 922, 931 (D. Minn. 2014) (granting defendant's motion for judgment on the pleadings on plaintiffs' disparate treatment claim) (citing *Gallagher*, 619 F.3d at 831).

---

[2] Ms. Moore filed her amended complaint on July 11, 2025. (Dkt. No. 21.) The amended complaint is now the operative pleading in this matter. Because Ms. Moore is not a lawyer and is unrepresented, the Court has also reviewed the allegations in her original complaint to give her pleadings the liberal construction afforded to *pro se* filings. *Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

[3] Although Ms. Moore also refers to the Civil Rights Act of 1964, it is unclear what provisions in that Act she might be referring to.

Ms. Moore's complaint falls short of stating a plausible FHA claim for at least two key reasons. First, Ms. Moore alleges no facts about what Model Cities, Safe Space Shelter, or any of their staff did that would support an inference that she was treated less favorably from others because of her race, color, religion, sex, or national origin. Her allegations of disparate treatment and retaliation are non-specific and conclusory. For example, she alleges only that she complained about her treatment by other residents of the shelter to the police, and at some point later, Defendants restricted her access to the facility. However, there are no factual allegations tying her report to the police to the Defendants' decision, nor suggesting that Defendants made the shelter unavailable to her based on any protected status. Nor does Ms. Moore allege any facts that indicate she was treated less favorably than any other person based on her protected status as a member of a racial, religious, or other covered group. Second, Ms. Moore's complaint focuses on the allegedly discriminatory conduct of the other residents of the shelter. However, the FHA does not create a cause of action against any person with whom a plaintiff interacts. Rather, it is focused on whether those who provide housing to others have engaged in "discriminatory housing practice[s]." 42 U.S.C. § 3602(i). Ms. Moore's claims about treatment by other residents at the shelter are not actionable under the FHA. For these reasons, the Court grants Defendants' motion to dismiss. Because the Court grants the motion to dismiss, the Court also finds that Ms. Moore's motions for preliminary injunctive relief are moot.

The Court also denies Ms. Moore's motion to amend. Ms. Moore seeks to correct Safe Space Shelter's name, and she wishes to add all of the other residents and staff as defendants in this action. However, the Court finds that the proposed amendment does not correct any of the deficiencies with the complaint discussed above.

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Defendants' Motion to Dismiss (Dkt. No. 22) is **GRANTED**.

2. Plaintiff's Motion to Amend (Dkt. No. 31) is **DENIED**.

3. Plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 34, 36) are **DENIED** as moot.

4. This matter is **DISMISSED WITHOUT PREJUDICE**.

Date: October 9, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge
